————————— WEINRICH and Others, Plaintiffs, *v.* SAMUEL ROSENBLATT and Others, Defendants.

City Court of New York, New York County, December —, 1928.

*Morris & Morris*, for the plaintiffs.

*Lazarus & Elias*, for the defendants Rosenblatt and Hygrade Pants Shops, Inc.

*Charles H. Dash*, for the defendants Paley and Silverstein.

LA FETRA, Ch. J.   This action is brought by the plaintiffs against the defendants Samuel Rosenblatt, Hygrade Pants Shops, Inc., and Filmore Clothes Shops, Inc., to recover rent for certain premises in the city of New York.   Before issue was joined a motion was made by the defendant Samuel Rosenblatt in his own behalf and in behalf of the defendant Hygrade Pants Shops, Inc., to interplead as defendants two additional parties, namely, Joseph Silverstein and Louis J. Paley, upon the ground that an agreement in writing had been entered into between said Rosenblatt and said Silverstein and Paley wherein and whereby said Silverstein and said Paley had agreed, among other things, to save harmless the said defendant Rosenblatt from any liability incurred under and pursuant to the lease between the plaintiffs as landlords and Hygrade Pants Shops, Inc., as tenant.   Said motion was granted upon consent of plaintiffs, and an order entered on August 10, 1928, as follows: " Upon the foregoing papers this motion is granted with twenty-one days to serve supplemental summons and impleader after service of this order."   Pursuant to said order the defendants Samuel Rosenblatt and Hygrade Pants Shops, Inc., served a supplemental summons and an answer, setting up a cause of action against the impleaded parties, Joseph Silverstein and Louis J. Paley.   From the moving papers it appears that the plaintiffs duly served a notice of trial upon the defendants Samuel Rosenblatt and Hygrade Pants Shops, Inc., and that a note of issue was duly filed.   The cause was placed upon the commercial calendar for trial.   When regularly reached for trial the cause was sent to a trial part for trial.   When called for trial the attorneys for the impleaded parties, Joseph Silverstein and Louis J. Paley, moved that the trial be stayed upon the ground that no notice of trial had been served upon the impleaded parties. This motion was granted by the trial justice, and the trial of the cause was stayed.   Thereafter proposed orders were submitted by the respective parties upon the foregoing decision, and while under consideration for signature the present order to show cause why said stay should not be vacated was obtained.   Plaintiffs now claim

that pursuant to the Civil Practice Act, section 193, subdivision 4, the trial should not be delayed to their disadvantage. Subdivision 4 of section 193 of the Civil Practice Act reads as follows: " The controversy between the defendants shall not delay a judgment to which the plaintiff is entitled, unless the court otherwise directs." The section relied upon by the plaintiffs does not apply to the application for a stay made by the defendants brought in by the order of August 10, 1928. Plaintiffs consented to the order and should have protected themselves against the delay which will be occasioned by the stay. As before stated, plaintiffs duly served a notice of trial upon the defendants Rosenblatt and Hygrade Pants Shops, Inc., and a note of issue placing the cause upon the calendar of this court was duly filed. When they consented to implead the additional parties the cause should have been stricken from the calendar until issue had been joined between all parties upon the service of the additional pleading. In addition, an opportunity should have been afforded the added defendants to answer and to make the ordinary motions preliminary to trial. Motion to vacate stay is denied, with costs, without prejudice to renew after resettlement of the order of August 10, 1928, and entry of a proper order upon the original motion, which, as stated before, was granted by consent. Order signed.